Case 5:25-cv-00164   Document 11   Filed on 10/30/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **BENITA BARRERA MARTINEZ,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:25-CV-00164** |
| § | |
| **KRISTI NOEM,** *et al.*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Benita Barrera Martinez's Petition for a writ of habeas corpus, (Dkt. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). For the reasons set forth below, Ms. Barrera Martinez's Petition for writ of habeas corpus is **GRANTED IN PART** and Federal Respondents' Response to Petition for Writ of Habeas Corpus and Motion to Dismiss, (Dkt. 8), is **DENIED**.

Respondents are **ORDERED** to immediately release Ms. Barrera Martinez, or to conduct a bond hearing on or before **November 6, 2025.**

## BACKGROUND

This case arises out of recent changes to the Department of Homeland Security's interpretation of the applicable statutory authority for the detention of noncitizens. Because the Court considered these changes in detail in *Fuentes v. Lyons*, 5:25-cv-00153 (S.D. Tex. Oct. 16, 2025), the Court now provides an abbreviated background on the relevant changes.

On July 8, 2025, ICE announced a new policy entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission." (Dkt. 1 at 9.) The policy states that 8 U.S.C.

§ 1225(b)(2), rather than 8 U.S.C. § 1226(a), is the applicable immigration detention authority for all noncitizens who entered the United States without inspection. (*Id.*) Subsequently, on September 5, 2025, the Board of Immigration Appeals (BIA) issued a published decision in line with this interim guidance, holding that immigration judges lack authority to hear bond requests or to grant bond to noncitizens who are present in the United States without admission because they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 229 (BIA 2025); (*Id.*)

### A. Ms. Barrera Martinez

Petitioner Ms. Barrera Martinez ("Petitioner" or "Ms. Barrera Martinez") is a Mexican citizen who entered the United States in 2008 and has remained in the country for the past 17 years. (Dkt. 1 at 10.) She resides in San Antonio, Texas, is married to a U.S. citizen husband, and has a 16-year-old stepchild who is also a U.S. citizen. (*Id.*) Ms. Barrera Martinez has no criminal record in the United States, and her U.S. citizen husband is currently suffering from cancer for which he is undergoing chemotherapy treatment. (*Id.*)

Ms. Barrera Martinez was apprehended by ICE on September 22, 2025, following a traffic stop. (*Id.*) She was placed into removal proceedings by DHS who alleges that she is present in the United States without admission or parole in violation of 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*) ICE has determined that Ms. Barrera Martinez should remain in DHS custody without the opportunity to post bond or to be released on other conditions of supervision. (*Id.*)

### B. Procedural Background

On October 3, 2025, Petitioner filed for a writ of habeas corpus in which she requests declaratory and injunctive relief based on claims that Respondents have unlawfully detained her without a bond hearing pursuant to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the Immigration and Nationality Act (INA), the Due Process Clause of the Fifth Amendment,

and the *Accardi* doctrine. (Dkt. 1 at 11–14); *see also* 8 U.S.C. §§ 1226(a), 1225(b)(2); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). Ms. Barrera Martinez requests that the Court order Respondents to release her or, alternatively, to provide her with a bond hearing under § 1226(a) within 7 days of the Court's order finding that her detention is unlawful. (*Id.* at 14.)

At the time of filing, Ms. Barrera Martinez was detained at the La Salle County Regional Detention Center in Encinal, Texas, which is located within the Laredo Division of the Southern District of Texas where this Court sits. (*Id.* at 4–5, 10). On October 6, 2025, the Court entered an Order requiring that Respondents "notify Petitioner's counsel and the Court of any anticipated or planned transfer or removal of Petitioner outside of the Southern District of Texas at least **five (5) days** before any such transfer." (Dkt. 3). On October 8, 2025, Federal Respondents filed an Advisory with the Court, notifying the Court that "[p]rior to the entry of the Order, Dkt. 3, on October 5, 2025, the Federal Respondents transferred the Petitioner to the South Texas ICE Processing Center in Pearsall, Texas, which is outside the Southern District of Texas." (Dkt. 6.) However, Federal Respondents also notified the Court of their intent to continue to litigate the case before the Court and to comply with the Court's Order requiring notice of any future transfer.[1] (*See id.*)

Federal Respondents subsequently filed a Response to Petition for Writ of Habeas Corpus and Motion to Dismiss on October 20, 2025. (Dkt. 8).[2] On October 28, 2025, Petitioner filed a Response to Federal Respondents' Motion to Dismiss. (Dkt. 10.)

---

[1] The Court retains jurisdiction over Ms. Barrera Martinez's Petition as it was properly filed before the Court. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *Ex Parte Endo*, 323 U.S 283, 304–05 (1944).
[2] In their Response and Motion to Dismiss, (Dkt. 8), Federal Respondents assert that "[t]he proper respondent in a habeas petition is the person with custody over the petitioner. 28 U.S.C. § 2242;

**Legal Standard**

A district court has jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to the lawfulness of immigration-related detention. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (per curiam); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished op.).

**Discussion**

This case presents nearly identical legal questions to the ones previously considered by the Court in *Fuentes v. Lyons*, 5:25-cv-00153 (S.D. Tex. Oct. 16, 2025). Principally, the issue is one of statutory interpretation: whether Petitioner is properly subject to detention under 8 U.S.C. § 1225(b)(2), which allows for mandatory detention during removal proceedings, or whether she is instead detained under 8 U.S.C. § 1226(a), which provides for discretionary detention and a possibility for her release from custody on bond. Federal Respondents' position is that Ms. Barrera Martinez is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as a noncitizen "seeking admission," while Ms. Barrera Martinez argues that she has been misclassified by DHS and is instead subject to discretionary detention with the potential to be released on bond because 8

---

*see also* § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). That said, it is the originally named federal respondents, not the warden in this case, who make the custodial decisions regarding aliens detained in immigration custody under Title 8 of the United States Code." (Dkt. 8 at 1 n.1.) Given that Federal Respondents do not challenge that they have been properly named by Petitioner in this lawsuit, the Court declines to address the question.

4 / 7

U.S.C. § 1226(a) is the applicable statutory authority for the detention of noncitizens who are already present in the country. (*See* Dkt. 8 at 7–10; Dkt. 1 at 5–10; Dkt. 10 at 9–12); *see also Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).

In their Response and Motion to Dismiss, Federal Respondents ask the Court to reexamine its prior treatment and analysis of this issue. (Dkt. 8 at 4.) Federal Respondents argue that Petitioner failed to exhaust her administrative remedies under 8 C.F.R. § 1003.38 by not requesting a bond hearing before an immigration judge and appealing the denial of bond. (*Id.* at 4–6.) Federal Respondents also argue that the Court lacks jurisdiction to consider whether Petitioner is detained pursuant to 8 U.S.C. § 1226(a) or § 1225(b)(2) because that question falls outside of Court's jurisdiction under 28 U.S.C. § 2241 to review the lawfulness of Petitioner's continued detention and, even if the Court could review this question, it should find that § 1225(b)(2) is the appliable statutory authority. (*Id.* at 6–10.) Petitioner responds by arguing that there is no requirement for her to exhaust remedies when exhaustion would be futile, and that it is within the habeas jurisdiction of the Court to determine whether 8 U.S.C. § 1226(a) or § 1225(b)(2) applies to Petitioner's detention because that question pertains to whether her detention is in violation of federal law. (*See* Dkt. 10 at 4–12.) Petitioner also argues that Federal Respondents have failed to address whether DHS's refusal to follow its own regulations is a violation of the *Accardi* doctrine or that her detention violates her due process rights. (*Id.* at 12–16.)

Federal Respondents arguments are the same as those that the Court considered previously in *Fuentes v. Lyons*, 5:25-cv-00153 (S.D. Tex. Oct. 16, 2025) and rejected, joining numerous other district courts across the country in doing so. (*See* Dkt. 6 at 2–3; Dkt. 8 at 7 n.2; Dkt. 10 at 1–3) (collecting cases). Federal Respondents have failed to provide persuasive reasons or new legal precedent in their briefing that would justify reaching a different result in this case. For that reason,

the Court is unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States and has been residing in the United States, the applicable detention authority for her detention is 8 U.S.C. § 1226(a). This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding agency practices. *See Fuentes v. Lyons*, 5:25-cv-00153 (S.D. Tex. Oct. 16, 2025).; *see also Rodriguez v. Bostock*, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases). Moreover, the Court finds that Petitioner's claim is not barred by her failure to request a bond hearing or appeal a denial because doing so would be futile in light of *Matter of Yajure Hurtado* and existing DHS policy. *See, e.g.*, *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *3 (E.D. Mich. Sept. 9, 2025); *Lopez-Arevelo v. Ripa,* 2025 WL 2691828, at *6 (W.D. Tex. Sep. 22, 2025) (waiving exhaustion requirement).

Thus, the Court holds that because it is 8 U.S.C. § 1226(a), not 1225(b)(2) that applies to Petitioner, her detention without a bond hearing is unlawful.[3]

## Conclusion

For the foregoing reasons, Ms. Barrera Martinez's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Dkt. 1), is **GRANTED IN PART**.

Federal Respondents' Response to Petition for Writ of Habeas Corpus and Motion to Dismiss, (Dkt. 8), is **DENIED**.

---

[3] Ms. Barrera Martinez's Petition challenges her detention on both statutory and constitutional grounds. (Dkt. 1 at 14.) As in its previous treatment of the issue, the Court "'will decline to decide the merits' of the due process claim 'given that the Court will grant the relief [she] seeks based on its interpretation of the applicability of § 1226(a).'" *See Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at *3 n. 4 (S.D. Tex. Oct. 7, 2025) (quoting *Pizarro Reyes*, 2025 WL 2609425, at *8).

The Court **ORDERS** that Respondents immediately release Ms. Barrera Martinez from custody, or in the alternative, provide her with a bond hearing under 8 U.S.C. § 1226(a) by **November 6, 2025.**

If Ms. Barrera Martinez is released, Respondents must notify Ms. Barrera Martinez counsel of the exact time and location of her release **no less than three hours** prior to releasing her.

If Ms. Barrera Martinez is provided with a bond hearing, Respondents must notify Ms. Barrera Martinez's counsel of the bond hearing **no less than three days** prior to the hearing date.

No later than **November 7, 2025, at 5:00 P.M. Central Daylight Time (CDT),** the Parties shall provide the Court with a status update on the outcome of any bond hearing conducted pursuant to this Order, or if no bond hearing is held, advise the Court as to the status of Ms. Barrera Martinez's release from custody pursuant to this Order. The parties should also notify the Court if the Government seeks a stay of the IJ's bond decision under 8 C.F.R. § 1003.19(i).

IT IS SO ORDERED.

SIGNED this October 30, 2025.

Diana Saldaña
United States District Judge